IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHLEY GILL, as Administratrix of the Estate of Marshall Gill, individually and on behalf of all similarly situated persons,<br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and SIROTE & PERMUTT, PC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 15-00162-KD-N<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This action is before the Court on Motion to Remand (Doc. 11) filed by Plaintiff Ashley Gill, as Administratix of the Estate of Marshall Gill, individually and on behalf of all similarly situated persons ("Gill"), to which the Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a response in opposition (Doc. 13).[1]  This matter is now under submission (*see* Doc. 12) and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b).  Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Gill's Motion to Remand (Doc. 11) be **DENIED**.

### I.    Procedural History

On October 2, 2012, Gill filed a complaint in the Circuit Court of Dallas County, Alabama, alleging a number of state-law causes of action against the

---

[1] Though given the opportunity (*see* Doc. 12), Defendant Sirote & Permutt, PC has not filed a response to the motion, nor has Gill filed a reply to Wells Fargo's response.

Defendants arising from the foreclosure of the decedent's homestead and the servicing of the mortgage thereto. (Doc. 1-2 at 5 – 31)  Gill alleged claims both individually and on behalf of a proposed class of similarly-situated individuals.

On March 13, 2015, Gill, without first seeking leave of court, filed a First Amended Complaint (Doc. 1-3 at 212 – 245) alleging, in addition to various state-law causes of action similar to those in the initial complaint, a claim against the Defendants for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count 14).[2]  On March 23, 2015, Wells Fargo removed the case to this Court under 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").  As Wells Fargo correctly notes, removal was proper under § 1441(a) because this Court has original jurisdiction over Gill's FDCPA claim, under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[3]

Gill's motion to remand under 28 U.S.C. § 1447(c) (Doc. 11) raises only one

---

[2] The First Amended Complaint also makes passing references to the federal Truth in Lending Act ("TILA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

[3] Though not expressly alleged in the notice of removal, this Court has supplemental jurisdiction over Gill's state law claims under 28 U.S.C. § 1367(a).  Diversity of citizenship under 28 U.S.C. § 1332 is not alleged as an alternative basis for jurisdiction.

argument meriting discussion:[4]  that the First Amended Complaint containing Gill's federal cause of action was not "operative" at the time of removal because the state circuit court had not yet approved dismissal of Gill's class action claims.  For the reasons set forth herein, this argument is meritless.

## II.  Analysis

As Wells Fargo points out, under Alabama Rule of Civil Procedure 15(a), "[u]nless a court has ordered otherwise, a party may amend a pleading **without leave of court**, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires" (emphasis added).[5]  Wells Fargo represents, the state court record attached to the notice of removal (Docs. 1-2, 1-3) confirms, and Gill does not challenge that, prior to removal, "[t]his action has never been set for trial and there were no orders from the Circuit Court of Dallas County that limited Gill's ability to file an Amended Complaint."  (Doc. 13 at 2).  Accordingly, it would seem that Gill's First Amended Complaint was operative upon filing in the circuit court.  Gill argues, however, that her First Amended Complaint, which purportedly dropped the

---

[4] Gill also claims, incorrectly, that Defendant Sirote & Permutt, who was joined and served in the state court action at the time of removal, has not joined in or consented to Wells Fargo's removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Sirote & Permutt's consent to removal (Doc. 1-4) was attached as an exhibit to the notice of removal.

[5] "Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause."  Ala. R. Civ. P. 15(a).

class action claims made in her initial complaint,[6] could not have become operative upon filing because of Alabama Rule of Civil Procedure 23(e), which provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

First, Rule 23(e) is inapplicable because there was no "class action" pending at the time Gill filed her First Amended Complaint – only a proposed or requested class action. Under Title 6, Chapter 5, Article 33 of the Code of Alabama, "[n]o class of civil litigants shall be certified or recognized by any court of the State of Alabama unless there shall have been compliance with the procedures for certification of the class set forth in this article."[7] Ala. Code § 6-5-641(a). Such required procedures include those set forth in Ala. Code § 6-5-641(e), which provides:

> When deciding whether a requested class is to be certified, the court shall determine, by employing a rigorous analysis, if the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23. The burden of coming forward with such proof shall at all times be on the party or

---

[6] Wells Fargo disputes this claim, pointing to stray allegations referencing class claims that remain in the First Amended Complaint. For purposes of the present motion remand, the undersigned assumes without deciding that no class claims are asserted in the First Amended Complaint.

[7] "This article shall apply to and govern all civil class actions brought in the state courts of Alabama pursuant to Alabama Rule of Civil Procedure 23. The provisions of this article, where inconsistent with any Alabama Rule of Civil Procedure, including, but not limited to, Ala. R. Civ. P. 23, shall supersede such rules or parts of rules." Ala. Code § 6-5-640. See also Ala. R. Civ. P. 23, Feb. 13, 2004 comm. comments ("Rule 23(c)(1) should be read in conjunction with Act No. 99-250, Ala. Acts 1999, effective May 25, 1999, which is codified at §§ 6-5-640 through -642, Code of Alabama 1975. Although the act works few changes in Rule 23 as the Alabama Supreme Court has already interpreted it, § 6-5-641 does supplement the discretionary provisions of Rule 23(c)(1). The net effect of this supplementation is to provide for nondiscretionary hearing and documentation requirements in the circuit court.").

4

parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class. In making this determination, the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. In announcing its determination, the court shall place in the record of the action a written order addressing all such factors and specifying the evidence, or lack of evidence, on which the court has based its decision with regard to whether each such factor has been established.

A review of the state court record attached to the notice of removal (Docs. 1-2, 1-3) reveals that no such order was entered by the circuit court.[8] [9]

"Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power." *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015). "Neither a proposed class action nor a rejected class action may bind nonparties." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2380 (2011) (interpreting Federal Rule of Civil Procedure 23). The stated purpose of Rule 23(e) is to provide "stock protection against unjust class action compromises." Ala. R. Civ. P. 23, 1973 comm. comments. *See also Perdue v. Green*, 127 So. 3d 343, 356 (Ala. 2012) (per curiam) ("There can be no settlement of a

---

[8] *See also* Ala. R. Civ. P. 23(c)(1) ("As soon as practicable after the commencement of an action brought as a class action, the court shall determine **by order** whether it is to be so maintained." (emphasis added)); *Bill Heard Chevrolet Co. v. Thomas*, 819 So. 2d 34, 40 (Ala. 2001) (" '[C]lass actions may not be approved lightly and ... the determination of whether the prerequisites of Rule 23 have been satisfied requires a "rigorous analysis." ' *Ex parte Citicorp Acceptance Co.*, 715 So. 2d 199, 203 (Ala. 1997); *see also* § 6–5–641, Ala. Code 1975. The plaintiff must offer sufficient evidence of the Rule 23 criteria; this evidence must be referenced in the trial court's order before class certification is proper. *See Ex parte Water Works & Sewer Bd. of the City of Birmingham*, 738 So.2d 783, 787 (Ala. 1998).").

[9] The Defendants did file motions to dismiss Gill's class action claims as a matter of law under Alabama Rule of Civil Procedure 12(b)(6). However, the circuit court denied those motions, finding that the matter "should be presented in the form of a motion for summary judgment as opposed to a motion to dismiss." (Doc. 1-2 at 238).

class action without the trial court's approval. Rule 23(e) Ala. R. Civ. P.  Requiring the trial court's approval of the settlement protects the class from unjust settlements or voluntary dismissals." (quotations omitted)).  Because a class had never been certified in Gill's state court action, there were no unnamed class members to protect, and Alabama Rule of Civil Procedure 23(e) did not come into play.

Even assuming that a class action was actually pending, under the Alabama Rules of Civil Procedure, a party is permitted to drop claims and parties through amendment of the pleadings under Rule 15, rather than through dismissal under Rule 41 (governing the "dismissal of actions"), and the two concepts are distinct. *See* Ala. R. Civ. P. 15, 1973 comm. comments (under Rule 15 "it will be entirely irrelevant that a proposed amendment changes the cause of action or the theory of the case or that it states a claim arising out of a transaction different from that originally sued on or that it caused a change in parties"); *Hope Developers, Inc. v. Vandiver*, 582 So. 2d 1073, 1076 (Ala. 1991) ("The dismissal against some but not all of the claims against [a defendant] presents a different question. Again, the authorities are not uniform in their treatment of the question…The better authorities seem to be those that say such a 'dismissal' is not really a dismissal under Rule 41, but an amendment of a complaint under Rule 15(a)." (assuming without deciding the issue)).  Moreover, unlike Rule 15(a), Rule 41(a) (governing voluntary dismissals without court order) is specifically "[s]ubject to the provisions of Rule 23(e)…"

Under the plain terms of Rule 15(a), Gill's First Amended Complaint was only

"subject to disallowance on the court's own motion or a motion to strike of an adverse party" <u>after being filed</u>.   Under § 1447(c), a "district court must determine whether it had subject matter jurisdiction **at the time of removal**."   *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (emphasis added), *overruled on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (per curiam) ("*Poore* is overruled to the extent we held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) is reviewable if it is based on a post-removal amendment to the complaint.").   *Accord Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[F]or purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal—October 10, 1997. *See Poore v. American–Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1289–91 (11th Cir. 2000). If jurisdiction was proper at that date, subsequent events…will not operate to divest the court of jurisdiction. *See id.* at 1291."); *Smith v. Wynfield Dev. Co., Inc.*, 238 F. App'x 451, 455 (11th Cir. 2007) (per curiam) (unpublished) ("[A] district court's removal jurisdiction is determined at the time of removal…").

      This Court will not speculate when or even if the circuit court or the Defendants might have acted to disallow the First Amended Complaint, whether based on the supposed improper removal of class action allegations or otherwise. Moreover, Rule 15(a) does not indicate that an amended pleading is subject to disallowance by its own proponent; thus, Gill's representation that she herself planned to move the circuit court to dismiss her class action claims merits no

7

consideration.

Finally, even if Gill is correct that the court was required to approve the dropping of her class claims from the complaint, she has cited no authority explaining why Rule 23(e) would affect the pendency of her <u>individual</u> claims in the First Amended Complaint, which include the federal cause of action that is the basis for removal jurisdiction, which she was indisputably free to amend without court order.  *See* Ala. R. Civ. P. 15(a).  Even if approval was, and still is, needed to effect dismissal of her class action claims, the Federal Rules of Civil Procedure now apply to this case, *see* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."), and Gill may seek leave under Federal Rule of Civil Procedure 23(e) ("The claims, issues, or defenses of a **certified class** may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added)).

In sum, Gill's claim that the federal cause(s) of action asserted in her First Amended Complaint were not in effect at the time of removal are without merit, and the undersigned finds that removal was properly based on jurisdiction under § 1331.

### III.  Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Gill's Motion to Remand (Doc. 11) be **DENIED.**

### IV.  Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 1st day of June 2015.

                                                  */s/ Katherine P. Nelson*
                                                **KATHERINE P. NELSON**
                                                **UNITED STATES MAGISTRATE JUDGE**