IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHLEY GILL, as Administratrix of the Estate of Marshall Gill, individually and on behalf of all similarly situated persons,<br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and SIROTE & PERMUTT, PC,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 15-00162-KD-N<br>)<br>)<br>)<br>)<br>) |

## ORDER

Non-party attorney Jeffrey C. Robinson has filed a motion to quash a subpoena under Federal Rule of Civil Procedure 45(d)(3) (Doc. 41).[1]  The motion asserts that on January 27, 2016, Plaintiff Ashley Gill served him with a subpoena for "all documents in your possession relating to the Estate of Marshall Gill including all documents in your file created as the Administrator of the Estate of Marshall Gill."  Robinson did not attach a copy of the subpoena to his motion or otherwise represent where compliance with the subpoena is required.  However, Ashley Gill has filed a response (Doc. 45) in opposition to the motion, which attaches a copy of the subpoena at issue (Doc. 45-1).

While "a subpoena must issue from the court where the action is pending" (i.e., this Court), Fed. R. Civ. P. 45(a)(2), "the court for the district where compliance is required" is tasked with quashing or modifying a subpoena.  Fed. R. Civ. P.

---

[1] Under S.D. Ala. GenLR 72(b), this discovery motion has been referred to the undersigned Magistrate Judge for disposition in accordance with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and S.D. Ala. GenLR 72(a)(1) and 72(a)(2)(S).

45(d)(3). *See also Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) ("Subpoenas are governed by Fed. R. Civ. P. 45, which was substantially amended in 2013. As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A).").[2] Generally, a "subpoena must state the place where compliance is required…" *Woods*, 303 F.R.D. at 406 (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)). Here, the subpoena at issue (Doc. 45-1) states its place of compliance is Birmingham, Alabama, which is located within the Northern District of Alabama, *see* 28 U.S.C.§ 81(a). As such, Robinson has filed his motion to quash in the wrong district court, and it is **ORDERED** that the motion to quash (Doc. 41) is **DENIED**.[3]

**DONE** and **ORDERED** this the 10th day of February 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] While Rule 45(f) allows for a Rule 45 motion to be transferred to the "issuing court" when that court is not also "the court where compliance is required," "the court where compliance is required" must first order such a transfer.

[3] Immediately preceding his motion to quash, Robinson field a Notice of Limited Appearance on behalf of himself (Doc. 40), for the limited purpose of bringing his motion to quash. This notice of appearance was erroneously docketed as being on behalf of Ashley Gill. The Clerk of Court is **DIRECTED** to correct the docket by administratively terminating Robinson as counsel of record for Gill and re-designating him as a third-party movant in this action.

2