IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHLEY GILL, *as Administratrix of the Estate of Marshall Gill, and individually*,<br>　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and SIROTE & PERMUTT, PC,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 15-00162-KD-N<br>)<br>)<br>)<br>)<br>) |

## ORDER

This action is before the Court on the motion to compel (Doc. 43) filed by Plaintiff Ashley Gill against Defendant Wells Fargo Bank, N.A. under Federal Rule of Civil Procedure 37(a)(3)(iv).[1]  Wells Fargo timely filed a response in opposition (Doc. 49), and Gill timely filed a reply (Doc. 50) to the response.  A hearing on the motion was held before the undersigned on this date.  Present were Roderick Graham, counsel for Gill, and Catherine Long, counsel for Wells Fargo.  In light of Wells Fargo's supplemental disclosures produced after the motion was filed, Graham withdrew many of the demands in the motion and set forth specific documents that Gill still sought from Wells Fargo.  After vigorous debate, Wells Fargo agreed to produce certain additional documents and information, should it exist.

Upon consideration, and for reasons more fully stated on the record at the motion hearing, it is **ORDERED** that Gill's motion to compel under Rule 37(a)(3)(iv) (Doc. 43) is **GRANTED in part** and **MOOT in part**.  Wells Fargo shall produce the following to Gill (or certify that there are no such documents to be produced) no

---

[1] Under S.D. Ala. GenLR 72(b), this discovery motion has been referred to the undersigned Magistrate Judge for disposition in accordance with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and S.D. Ala. GenLR 72(a)(1) & (a)(2)(S).

later than **Wednesday, March 16, 2016**:   All documents demonstrating payments made by Wells Fargo for all post-foreclosure improvements made to Marshall Gill's property, and a list of names of borrowers who have filed lawsuits against Wells Fargo in Alabama between 2008 and 2011 alleging that Wells Fargo falsified loan payment histories.

Additionally, Wells Fargo shall be compelled to produce its loan servicing policies but subject to entry of an appropriate protective order governing confidential materials.   The parties are **ORDERED** to file a joint proposed protective order no later than **Wednesday, March 16, 2016**.   To the extent agreement cannot be reached after good faith discussion, Gill and Wells Fargo may submit separate proposed protective orders.   Wells Fargo shall produce its loan servicing policies to Gill within **seven (7) days** of the date the Court enters the protective order.

The motion to compel (Doc. 43) is otherwise **MOOT**.

Under Rule 37(a)(5)(5), if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or **(iii)** other circumstances make an award of expenses unjust."

Upon consideration, the Court finds that Wells Fargo was substantially

2

justified in how it responded to the contested requests for production and the motion to compel.  Gill's requests for production were broadly worded, and Wells Fargo promptly supplemented its responses after Gill identified specific documents sought in her motion to compel.  Moreover, the undersigned finds credible the representations of Ms. Long at the motion hearing that Mr. Graham's multiple requests for additional production presented something of a "moving target."  To the extent Wells Fargo continued to oppose some of Gill's requests, the Court finds that Wells Fargo presented good faith arguments in doing so.   Thus, the Court will not award reasonable expenses incurred in making the motion.

**DONE** and **ORDERED** this the 9th day of March 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**