IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ASHLEY GILL,** *as Administratrix of the Estate of Marshall Gill, and individually,*    **Plaintiffs,**    v.    **WELLS FARGO BANK, N.A.,**    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION 2:15-00162-KD-N<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Defendant's Motion for Leave to File Amended Notice of Removal, Plaintiff's Opposition, and Defendant's Reply. (Docs 87, 93, 97). Defendant seeks leave to amend its notice of removal to include an additional basis for the Court's jurisdiction, namely, diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The initial complaint in this matter was filed on October 2, 2012 in the Circuit Court of Dallas County, Alabama. (Doc. 1-2 at 5). The initial pleading alleged a number of state-law causes of action against Defendants Wells Fargo ("Wells Fargo") and Sirote and Permutt, P.C. ("Sirote"). Plaintiffs are Alabama citizens, Defendant Wells Fargo is a citizen of South Dakota and Defendant Sirote is a citizen of Alabama. (Docs. 30 at 1, 31 at 1). Thus, at the time of initial filing, the parties were not completely diverse.

On March 13, 2015, Plaintiffs filed their first amended complaint containing a claim against the Defendants for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). On March 23, 2015, pursuant to 28 U.S.C. § 1446(a), Defendants removed the matter to this Court on the basis of federal question jurisdiction as provided for by 28 U.S.C. § 1331, based on the alleged violations of the FDCPA. (Doc. 1).

On March 11, 2016, Alabama citizen Sirote, was dismissed from this action. On April 8, 2016, Wells Fargo, the only remaining Defendant, filed a motion for leave to file an amended notice of removal, arguing that the amount in controversy requirement is satisfied and the parties are now completely diverse as required by 28 U.S.C. § 1332. (Doc. 87).

With regard to removal on the basis of diversity jurisdiction, 28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Here, Wells Fargo's motion for leave to file an amended notice of removal was filed within 30 days of the "other paper" *i.e.* the Order dismissing Sirote.

However, subsection (c), referenced above, states:

> A case may not be removed under subsection (b)(3) *on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action*, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446 (c)(emphasis added).

Assuming this matter was not removable based on the "case stated by the initial pleading,"[1] any removal based on diversity would have been required to occur on or before October 2, 2013 (within a year of the filing of the initial pleading). § 1446(b)(3)-(c). Upon consideration of subsection (c) quoted above, the Court finds that an attempt at removal on the

---

[1] It is unlikely that the case was removable based simply on Plaintiffs' citation to the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA") as the bases for the duty owed by the Defendant. *See Crosby v. Presbyterian Retirement Corporation*, 15-00444-KD-B at Doc. 46 (discussing likely absence of a substantial federal question when state law claims reference duties created by federal statute and when there alternative bases for liability exist).

basis of diversity, asserted more than a year after commencement of the action, would run afoul of the plain language of the statute.

Wells Fargo seeks to make a distinction between removal and amending its notice of removal in order to provide another basis for the Court's jurisdiction. (Doc. 97 at 2). However, § 1446 (b) establishes a thirty day period in which a notice of removal may be amended. Nothing in the law permits amendment, to allege a new basis for jurisdiction, beyond this deadline. In *Fuller v. Exxon Corp.*, the Court cited a number of cases from this circuit and others that reiterate this principle:

> A petition for removal of a civil action must be filed within thirty days after the defendant has received a copy of the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b). A defendant may freely amend the notice of removal within the thirty day period of 28 U.S.C. § 1446(b). After the thirty day period has expired however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.[2] Section 1653 does not permit a removing party to assert additional grounds of jurisdiction not included in the original pleading. *See American Educators Financial Corporation v. Bennett,* 928 F. Supp. 1113, 1115 (M.D.Ala.1996); *Stafford v. Mobil Oil Corp.,* 945 F.2d 803 (5th Cir. 1991); *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989) (citation omitted); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3733 at 358–61 (3d ed. 1998) ("[T]he notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice .... Completely new grounds for removal may not be added and missing allegations may not be furnished, however." (footnotes omitted)).
>
> "[T]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal ...." *Blakeley v. United Cable System,* 105 F.Supp.2d 574, 578 (S.D.Ala.2000); *see, e.g., Stein v. Sprint Communications Co.,* 968 F. Supp. 371, 374 (N.D.Ill.1997) ("[A] defendant may not amend its notice of removal after the 30–day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman,* 959 F.Supp. 364, 372 (S.D. Miss.1997) ("Although a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once

---

[2] Section 1653 provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 359 (N.D. Miss.1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima,* 882 F. Supp. 597, 601 (S.D.Tex.1995) (finding that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow 0a0mendments to notices of removal that present grounds for removal not included in the original notice").

*Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327-28 (S.D. Ala. 2001).

Accordingly, Defendant's motion for leave to amend its notice of removal (Doc. 87) is

**DENIED**.

**DONE** and **ORDERED** this **9**th day of **June 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**