**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ASHLEY GILL,** *as Administratrix of the Estate of Marshall Gill, and individually,*     **Plaintiffs,**<br><br>**v.**<br><br>**WELLS FARGO BANK, N.A.,**     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)     **CIVIL ACTION 2:15-00162-KD-N**<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Docs. 63, 64, 83, 86), Defendant's Response (Doc. 89) and Plaintiffs' Reply (Doc. 98); Defendant's Motion for Summary Judgment (Docs. 65-75), Plaintiffs' Response (Docs. 90, 92) and Defendant's Reply (Doc. 97).

**I.     Background**

This case stems from an October 2011 foreclosure sale of real property in Dallas County, Alabama. Plaintiff Ashley Gill ("Gill"), as Administratrix of the Estate of Marshall Gill ("decedent"), and individually alleges 16 counts against Defendant Wells Fargo Bank, N.A. (Wells Fargo) for fraudulent concealment, misrepresentation and negligence (Count 1); negligence (Count 2); wantonness (Count 3); unjust enrichment (Count 4); wrongful foreclosure (Count 5); abuse of process (Count 6); rescission of mortgage and foreclosure (Count 7); slander of title (Count 8); trespass (Count 9); theft (Count 10); breach of contract (Count 11); negligent/wanton hiring, supervision, training (Count 12); intentional/malicious conduct (Count 13); Fair Debt Consumer Protection Act violations (Count 14); invasion of privacy by intrusion upon seclusion (Count 15); and Truth in Lending Act violations (Count 16). (Doc. 30).  These

counts arise out of the following abbreviated facts.

On May 30, 2003, the decedent (and his wife Vanessa Gill) executed a Home Equity Loan Line Agreement with SouthTrust Bank ("credit line"), which was secured by a mortgage on real property located at 6569 Alabama Highway 22 North, Selma, Alabama, 36701.  The mortgage provided that if the decedent failed to make required payments under the credit line, SouthTrust had the right – without notice to the decedent (and his wife) – to declare the entire indebtedness immediately due and payable, and to take possession of the property and sell it after publishing and providing notice of the sale to the decedent. In November 2004, Wachovia Bank acquired SouthTrust Bank. On December 30, 2008, Wells Fargo, N.A. merged with Wachovia Bank, who was the successor-in-interest to SouthTrust Bank, the loan originator. Thus, it appears the loan was acquired by Wachovia in November 2004, and to the extent a debt existed, it was acquired by Wells Fargo in the 2008 merger with Wachovia.

Sometime after Wachovia acquired SouthTrust, it began sending loan statements to the decedent. On March 25, 2006, the decedent, Marshall Gill, died. The parties are in dispute as to whether at the time of his death, there was a balance owed on the SouthTrust Home Equity Loan Line Agreement.  Plaintiffs claim the loan was paid off on April 28, 2005.

After the decedent's death, administrators of his estate continued to send payments to Wells Fargo (who had acquired Wachovia). However, at some point, the loan payments ceased. Wells Fargo sent a notice of default on May 3, 2011. On September 16, 2011, the estate was notified that a foreclosure sale of the real property was scheduled for October 25, 2011.  On October 25, 2011, the real property was sold at a foreclosure sale. A demand for possession was sent October 26, 2011.

On October 2, 2012, Gill filed a complaint in the Circuit Court of Dallas County, Alabama, alleging numerous state law claims against Wells Fargo arising from the foreclosure of the decedent's real property and the servicing of the related mortgage.  (Doc. 1-2 at 5-31). Gill alleged claims individually and on behalf of a proposed class of similarly-situated individuals.[1]

On March 13, 2015, Gill filed an amended complaint, adding a federal claim against Wells Fargo for Fair Debt Collection Practices Act ("FDCPA") violations.  (Doc. 1-3 at 212-245). On March 23, 2015, Wells Fargo removed the state court case to this Court citing federal question jurisdiction based on Gill's newly added FDCPA claim per 28 U.S.C. § 1331.  On October 1, 2015, the Gill amended the complaint to add a Truth in Lending Act ("TILA") claim. (Docs. 29, 30). The parties' cross motions for summary judgment are now pending before the Court.  This opinion addresses only the federal questions claims.

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] The class allegations are no longer at issue.
[2] The Court notes that unpublished opinions are persuasive rather than binding authority.
[3] Additionally, the Second Amended Complaint (Doc. 30) alleges only that now dismissed Defendant Sirote and

> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

Defendant, as the party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the nonmovant fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the movant is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  In assessing whether the nonmovant has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter….Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'"  *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 999 (11th Cir. 1992).

The applicable Rule 56 standard is not affected by the filing of cross-motions for summary judgment.  *See, e.g., Am. Bankers Ins. Group v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005); *Gerling Global Reins. Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1233 (11th

Cir. 2001). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted). The Court is mindful that "[w]hen both parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration." *Muzzy Prods., Corp. v. Sullivan Indus., Inc*., 194 F.Supp.2d 1360, 1378 (N.D. Ga. 2002)). The Court has reviewed the facts submitted by each party and has made its own examination of the record.

## III.   Analysis

### A.   Fair Debt Collection Practices Act (Count 14)

In Count 14, Plaintiffs allege that Wells Fargo has engaged in numerous violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq* ("FDCPA"). (Doc. 30 at 32-35). Plaintiffs bring these claims on behalf of Gill, individually and on behalf of the decedent.

First, the Court finds that Wells Fargo's motion for summary judgment as to Gill's individual claims pursuant to the FDCPA is due to be granted. In *Johnson v. Ocwen Loan Servicing*, the Eleventh Circuit considered a non-debtor's standing to sue under the FDCPA. 374 Fed.Appx. 868 (11th Cir. 2010) (per curium).[2] There, a plaintiff who was not a borrower or otherwise obligated on the loan filed suit under the FDCPA and other consumer protection statutes. The Eleventh Circuit held that the plaintiff lacked Article III standing because she was not a borrower and therefore did not suffer an injury-in-fact. The court also considered the prudential requirements for standing and found that the plaintiff failed to establish that she was in the "zone-of-interests" protected by the statute. *Id.* at 874. Similarly, Gill was not a borrower

---

2 The Court notes that unpublished opinions are persuasive rather than binding authority.

or otherwise personally obligated on the loan and lacks standing to bring an individual FDCPA claim here as a result.

Next, the Court considers the FDCPA claims brought on behalf of the decedent's estate. As background,

> In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits, *inter alia,* debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Debt collectors may collect only amounts that are "expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). Moreover, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e.

*Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir. 2011). To succeed on an FDCPA claim, the Plaintiff must prove (1) that Plaintiff has been the object of collection activity arising from a consumer debt; (2) that Wells Fargo is a debt collector as defined by the FDCPA; and (3) that Wells Fargo has engaged in an act or omission prohibited by the FDCPA. *Alvarado v. Credit Protection Ass'n, L.P.*, 2015 WL 1815863, at *3 (M.D. Fla. Apr. 22, 2015); *See Reese v. Ellis, Painter, Ratterre & Adams, LLC*, 678 F.3d 1211, 1216 (11th Cir. 2012).

The Eleventh Circuited explains the FDCPA in relevant part as follows:

> The Act defines "debt collector" to mean "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). The definition excludes several categories of persons, *see* § 1692a(6)(A)-(F) (listing excluded persons), including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person," § 1692a(6)(F)(iii).

Unlike debt collectors, creditors typically are not subject to the FDCPA. *See, e.g., Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir.2000). A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." § 1692a(4). However, "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" is excluded from the definition of "creditor." *Id.* Further, "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" will be treated as a "debt collector" for purposes of the Act. § 1692a(6).

*Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313-14 (11th Cir. 2015).

Though both parties filed motions for summary judgment in this matter, only Defendant has moved for summary judgment on the FDCPA claims. The sole argument Defendant presents in support of its motion is that Wells Fargo is not a "debt collector," as required to establish liability under the FDCPA. Rather, as a "creditor," Wells Fargo is exempt from the FDCPA. (Doc. 66 at 30-31).

When a bank owns the debt and is collecting its own debt, it is exempt as a 'creditor' under 15 U.S.C. § 1692a(6)(A). *Johns v. Wells Fargo Bank, N.A.*, 2015 WL 9238957, at *9 (S.D. Ala. Dec. 17, 2015)(citing *Jenkins v. Sec. Sav. Bank of Michigan*, 28 F.3d 113, *4 (10th Cir. 1994) ("The Bank Defendant and its officers and employees are clearly exempted from the terms of the Act as, respectively, a creditor and officers and employees of the creditor collecting a debt in the name of the creditor. 15 U.S.C. § 1692a(6)(A).") (unpublished opinion); *Gowing v. Royal Bank of Canada,* 100 F.3d 962, *1 (9th Cir. 1996) ("The Act exempts from its definition of debt collectors, "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Because Royal Bank was collecting a debt on its own behalf, it was not a debt collector for the purposes of the FDCPA, even though in this instance it was an assignee of the original creditor.") (unpublished opinion).).

At trial, Plaintiff would have the burden to prove that Wells Fargo is a "debt collector" as defined by the FDCPA. In *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala*, the Eleventh Circuit explained,

> The moving party bears "the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). When the *nonmoving* party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material *negating* the opponent's claim," *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553, in order to discharge this "initial responsibility." Instead, the moving party simply may " 'show[ ]'—that is, point[ ] out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* at 324, 106 S.Ct. at 2554. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. *Id.* at 331, 106 S.Ct. at 2557 (Brennan, J., dissenting). If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial. Fed.R.Civ.P. 56(e); *Chanel, Inc. v. Italian Activewear, Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991). If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552, the moving party is entitled to summary judgment.

941 F.2d 1428, 1437-38 (11th Cir. 1991).

Here, Wells Fargo has argued that Wells Fargo is not a "debt collector," as defined by the FDCPA, because it was attempting to collect its own debt. In response to Wells Fargo's motion, Plaintiff states *only* the following:

> First, Marshall Gill entered into an equity line mortgage with SouthTrust bank. He paid off the SouthTrust mortgage on April 18, 2005. Contrary to the defendant's claim, Wells Fargo is clearly not the originating the equity line mortgage. The plaintiff never entered into a loan with Wells Fargo. Wells Fargo has refused to produce an assignment or any other documents that establish it has a right to enforce the terms of the SouthTrust loan that was paid off on April 28, 2005. There has been no document produced in this case to show Wells Fargo became

the owner of the SouthTrust loan. Moreover, the feigned debt was not created under the SouthTrust mortgage.

(Doc. 90 at 39).

While Plaintiffs apparently challenge Defendant's argument that Wells Fargo is a "creditor," they have failed to present any evidence that would establish that Wells Fargo is a "debt collector" as defined by the statute.[3]  Importantly, Plaintiffs do not challenge the fact that Wachovia acquired Southtrust in 2004 and that Wachovia merged with Wells Fargo in 2008. Nor do they challenge the fact that Wells Fargo is a creditor of the loans they acquired through the Wachovia merger.  Instead, Plaintiffs argument appears to be that Gill did not owe a debt to Wachovia in 2008, thus Wells Fargo did not acquire Gill's loan in the merger.

However, the issue is whether Wells Fargo was acting as a debt collector or as a creditor, not whether the debt existed.  An entity that is attempting to collect a debt on its own behalf is not a debt collector unless its business' principal purpose is to collect debts or it regularly collects debt of another.  Plaintiffs have failed to show either.  Thus, Plaintiffs have failed to make a sufficient showing on an essential element of their FDCPA claims and summary judgment is due to be granted on behalf of the Defendant.

Upon consideration of the foregoing, Wells Fargo's motion for summary judgment as to all of Plaintiffs' FDCPA claims (Count 14) is **GRANTED**.

### B.    Truth in Lending Act Claim (Count 16)[4]

In Count 16, Plaintiff summarily alleges Defendant has violated the Truth in Lending Act

---

[3]Additionally, the Second Amended Complaint (Doc. 30) alleges only that now dismissed Defendant Sirote and Permutt, P.C. is a debt collector. Plaintiffs fail to even allege that Wells Fargo is a debt collector. *See* e.g. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, (11th Cir. 2015)(Affirming dismissal of complaint where Plaintiff failed to sufficiently allege Defendant was a debt collector).

4 In the Second Amended Complaint, this count is mislabeled as Count 14 rather than Count 16. Count 14 is Plaintiffs' FDCPA claim.

("TILA") in 51 ways, without providing any factual support for each claim. (Doc. 30 at 36-41). As an initial matter, the Court agrees with the Defendant that Gill lacks standing to bring a TILA claim in her individual capacity, as she is not a consumer as defined by the Act. "The TILA provides a 'civil cause of action *by a consumer* against a creditor who fails to make the required disclosures.'" *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) *(*citing *Tower v. Moss,* 625 F.2d 1161 (5th Cir.1980) (emphasis added); *see* 15 U.S.C. § 1640(a)(emphasis in original)). *See also Sirote v. BBVA Compass Bank*, 857 F. Supp. 2d 1213, 1218-19 (N.D. Ala. 2010), *aff'd,* 462 F. App'x 888 (11th Cir. 2012) ("[B]ecause plaintiff claims he never entered into a loan transaction with the defendant] he does not have standing to assert a [TILA claim against the defendant.]). There is no evidence that Ashley Gill entered into a loan transaction with the Defendant. Accordingly, Wells Fargo's motion for summary judgment as to any individual TILA claims asserted by Ashley Gill is **GRANTED** and Plaintiffs' motion for summary judgment as to any individual TILA claims is **DENIED**.

TILA's civil liability provision, 15 U.S.C. § 1640(a), provides that "any *creditor* who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person." 15 U.S.C. § 1640(a) (emphasis added).

Defendant has argued that all of Plaintiff's TILA claims are barred by the statute of limitations.

TILA provides in relevant part:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation …. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation.

15 U.S.C. § 1640(e).

On October 15, 2015, Plaintiff first asserted TILA claims against Wells Fargo. However, the original complaint was filed in state court on October 2, 2012. The relation-back rules of Alabama Rule of Civil Procedure Rule 15(c)(2) and Federal Rule of Civil Procedure 15(c)(1) state in pertinent part that an amendment of a pleading relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading.   The TILA claims appear to relate back to the original complaint.

While Plaintiff has generically stated in the complaint that Wells Fargo violated TILA in 51 ways, Plaintiff's motion for summary judgment and response to Wells Fargo's motion for summary judgment specifies, at best, only four categories of violations: 1) disclosure statement violations pursuant to 15 U.S.C. § 1639; 2) failure to credit payments in violation of 15 U.S.C. § 1639f; 3) failure to refund overpayments in violation of 15 U.S.C. § 1666d; and 4) failure to timely provide an accurate payoff in violation of 15 U.S.C. § 1639g.  (Doc. 64 at 31-32 and Doc. 90 at 40-41).

Plaintiff's only argument which could be construed as claiming disclosure statement violations, pursuant to 15 U.S.C. 1639, is simply "[t]he TILA claim against the defendant involves a violation that would have been apparent on the face of a disclosure statement." Doc. 64 at 32.   In *Evanto v. Fed. Nat. Mortgage* Ass'n, the Court concluded that, "[a] disclosure statement is a document provided before the extension of credit that sets out the terms of the loan."  814 F3d 1295, 1297 (11th Cir. 2016), The decedent's loan was consummated on May 30, 2003.  Section 1640(e) provides, "Any action under this section with respect to any violation of

section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This suit was first filed on October 2, 2012. Thus, any disclosure statement violations are clearly foreclosed by the statute of limitations.

Plaintiff next claims that Wells Fargo is liable pursuant to 15 U.S.C. § 1639f for failing to credit payments as of the date of the receipt.  Specifically, the Plaintiff alleges that Wells Fargo failed to properly credit payments made from 2003-2005.  Section 1640(e) provides for a one year statute of limitations for a violation of § 1639f.[5] At least seven years lapsed before a claim was made, thus these claims are clearly foreclosed by the statute of limitations.

Plaintiff also claims that Wells Fargo violated 15 U.S.C. § 1666d by failing to refund the overpayments made after the loan was paid off on April 28, 2005.  Section 1666d provides:

> Whenever a credit balance in excess of $1 is created in connection with a consumer Credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall—
>
> (A) credit the amount of the credit balance to the consumer's account;
>
> (B) refund any part of the amount of the remaining credit balance, upon request of the consumer; and
>
> (C) make a good faith effort to refund to the consumer by cash, check, or money

---

[5] "Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation…." 15 U.S.C. § 1640.

order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

15 U.S.C. § 1666d. According to Plaintiff's submissions, the credit balance started accruing with payments made after April 28, 2005 and ended with the last payment made to Wells Fargo in November 2010.  *See* Doc. 63-34.  Thus, because a claim under 15 U.S.C. § 1666d is subject to the one-year statute of limitations, Plaintiff's claim is barred.[6]

Plaintiff also alleges that Wells Fargo violated 15 U.S.C. § 1639g by failing to timely provide an accurate payoff statement. Section 1639g provides that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."  According to Plaintiff, requests for a payoff statement were sent in February and March of 2012.  (Doc. 64 at 7 and Docs. 63-9, 63-30). Assuming that these letters could be construed as a request of a payoff amount, the statute of limitations would not be a hindrance to this claim proceeding.

### 1.    Assignee Liability

The Plaintiff appears to recognize the limitation of liability if Wells Fargo is an assignee. Doc. 64 at 32.   While Wells Fargo has not argued the limitation of liability of assignees pursuant to 15 U.S.C. § 1641, it would appear that if Wells Fargo was an assignee of the SouthTrust loan they could not be held liable for violating 15 U.S.C. § 1639g.  This is because "the failure to provide a payoff balance is not a violation 'apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter.'" *Evanto v. Fed. Nat.*

---

[6] Plaintiff fails to make an equitable tolling argument, and would likely not be able to since the estate was aware of the alleged overpayment and alleged failure to refund in at least November 2010.  Doc. 63-34.

*Mortg. Ass'n*, 814 F.3d 1295, 1297 (11th Cir. 2016).

Because this issue has not been fully briefed by the parties. The court will withhold ruling on the viability of the 15 U.S.C. § 1639g TILA claim until the applicability of 15 U.S.C. § 1641 is addressed by the parties. The parties shall brief the Court on this issue on or before **July 5, 2016**. Any responses shall be filed on or before **July 12, 2016**.

## IV.   Conclusion

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment is **GRANTED** as to each Plaintiff's claims found in Count 14 (FDCPA) and **GRANTED IN PART** as to the individual claim found in Count 16 (TILA). Plaintiff's motion for summary judgment as to Count 16 (TILA) is **DENIED IN PART** as to the individual claim. The still pending portions of the motions for summary judgment remain under consideration.

**DONE** and **ORDERED** this **28**[th] day of **June 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

14