# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ASHLEY GILL,** *as Administratrix of the Estate of Marshall Gill, and individually,*     **Plaintiffs,**    v.    **WELLS FARGO BANK, N.A.,**     **Defendant.** | ) ) ) ) ) ) ) ) ) )   **CIVIL ACTION 2:15-00162-KD-N** |

## ORDER

This matter is before the Court on Plaintiff's response to Defendant's brief and request that the Court dismiss certain claims. (Doc. 112). Plaintiff's complaint contains one remaining count based on federal law and numerous additional claims rooted in state law. Plaintiff states that she wishes to dismiss the remaining claims based on the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). Specifically, Plaintiff "asks the court to enter an order allowing the plaintiff to dismiss the TILA claims without making any factual findings in the case." (Doc. 112 at 12).

### I.     Plaintiff's Request to Dismiss TILA Claims

A party may voluntarily dismiss an entire action as provided by Federal Rule of Civil Procedure 41. However, when a party seeks to dismiss one claim of a multi-claim action, the party should file a motion to amend the complaint under Rule 15(a). *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir. 2004); *Exxon Corp. v. Md. Cas. Co.,* 599 F.2d 659, 662, 662 n. 10 (5th Cir. 1979).[1] Federal Rule of Civil Procedure 15(a)(2), which is applicable here as the time frames contemplated by Rule 15(a)(1) have expired, permits a party to "amend its pleading

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Although motions under Rules 15 and 41 are procedurally different, they involve application of similar standards. *Boyce v. Augusta–Richmond County,* 111 F.Supp.2d 1363, 1374 (S.D.Ga. 2000) (citing *Anderberg v. Masonite Corp.,* 176 F.R.D. 682, 686 (N.D.Ga. 1997)). Therefore, the Court will treat Plaintiff's request to dismiss the remaining TILA claims as a motion to amend the complaint under Rule 15(a). *See Salav v. Boyland Auto Orlando, LLC*, 2008 WL 254127, at *2 (M.D. Fla. Jan. 29, 2008) (court construed plaintiff's motion to voluntarily dismiss one claim pursuant to Rule 41 as a motion to amend under Rule 15(a)); *Anderberg v. Masonite Corp.,* 176 F.R.D. 682, 686 (N.D. Ga. 1997)(collecting cases and stating: "When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action, however, the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim.").

Generally, a district court should not deny leave to amend "unless there is a substantial reason." *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999). Upon consideration, the Court finds that there is no "substantial reason" prohibiting amendment here, especially in light of the court's unanswered query regarding the viability of the TILA claim. Therefore, Plaintiff's Motion to Amend (Doc. 112) is **GRANTED**, and Count Sixteen ("TILA") is dismissed from the Complaint.

**II.     Subject Matter Jurisdiction**

On October 2, 2012, Plaintiff filed her original complaint in the Circuit Court of Dallas County, Alabama. On March 13, 2015, Gill filed an amended complaint, adding a federal claim against Wells Fargo for Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq* ("FDCPA")

violations. (Doc. 1-3 at 212-245). On March 23, 2015, Wells Fargo removed the state court case to this Court citing federal question jurisdiction based on Gill's newly added FDCPA claim per 28 U.S.C. § 1331. On October 1, 2015, the Gill amended the complaint to add a Truth in Lending Act ("TILA") claim. (Docs. 29, 30). The Court previously granted Defendant's motion for summary judgment on the FDCPA claims. (Doc. 103). As the TILA claims have now been dismissed, only claims based on state law remain before the Court.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to remand a removed case involving supplemental claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In exercising its discretion the Court is guided by the Supreme Court:

> Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, [ ] the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.*, at 726–727, 86 S.Ct., at 1139. As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Here, the Court finds that this case judicial economy, convenience, fairness, and comity favor remand. The case was originally filed in state court in October 2012 and was proceeding in that court until it was removed to federal court in March 2015. Much of the briefing before this Court has centered around the federal claims, which have now been disposed of, and fourteen state law claims remain pending.

Moreover, the Eleventh Circuit "ha[s] encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004) (*per curiam*). *See also United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Mergens v. Dreyfoos,* 166 F.3d 1114, 1119 (11th Cir. 1999) ("[T]his Court has noted that 'if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims.' " (quoting *L.A. Draper & Son v. Wheelabrator–Frye, Inc.,* 735 F.2d 414, 428 (11th Cir.1984) (citing *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130))); *Dockens v. Dekalb Cnty. Sch. Sys.,* 441 Fed.Appx. 704, 709 (11th Cir.2011) (per curiam) ("Once the district court properly granted summary judgment for the School System on the FMLA claims, no federal claims remained. It was not abuse of discretion for the court to decline supplemental jurisdiction over the state law claim.").

**III. Conclusion**

Here, the Court finds that the exercise of supplemental jurisdiction over this matter is not warranted. Accordingly, the matter is **REMANDED** to the Circuit Court of Dallas County, Alabama.

**DONE** and **ORDERED** this **6th** day of **September 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**